IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| TIMOTHY P. WATSON and SUSAN K. WATSON, | : | BANKRUPTCY NO.: 4-13-bk-00304-JJT |
| DEBTORS | : | |
| NORTH CENTRAL PENNSYLVANIA REGIONAL PLANNING AND DEVELOPMENT COMMISSION, | : | {**Nature of Proceeding**: Motion of Defendant Jerome Eckert to Dismiss Complaint (Doc. #5)} |
| PLAINTIFFS | : | |
| vs. | : | |
| JEROME ECKERT, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 4-13-ap-00203-JJT** |

# OPINION

North Central Pennsylvania Regional Planning and Development Commission (NCP) has filed a two Count Complaint against Jerome Eckert (Eckert). The Complaint alleges a violation of the automatic stay and further seeks equitable subordination under § 510(c) of the Bankruptcy Code. According to the Complaint, NCP has judgments against the Debtors, Timothy and Susan Watson. The judgments represent liens against the real estate of the Debtors. NCP obtained relief from the automatic stay, and during the process of execution, Eckert, a mortgagee subsequent in priority to NCP, allegedly went upon the Debtors' property and removed a building affixed to the parcel. NCP alleges that this act not only violated the stay, but caused damage to the parcel, which was NCP's collateral. NCP not only wants damages for Eckert's alleged stay violation, but wants Eckert's claim subordinated under the terms of 11 U.S.C. § 510(c). Debtors do not intend to retain the real property in question and are not parties to the

litigation.

In response to the Complaint, Eckert filed a Motion to Dismiss arguing the Bankruptcy Court has no jurisdiction of this cause of action since it neither arises in or under Title 11, nor is it related to the bankruptcy case. Eckert also argues that insufficient facts have been set forth to support the claim.

Since NCP rests its cause of action on §§ 362(k) and 510(c), these causes of action can arise only in a bankruptcy and can be found no where else. The parties to this action are ostensibly secured creditors of the estate. The Court has no trouble finding that it indeed has core jurisdiction of these causes of action.

Section 362(k) of the Bankruptcy codes, reads:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C.A. § 362

This subsection creates a private right of action by "individuals" injured by stay violations. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008). Our Circuit Court of Appeals has made it fairly clear that the term "individual" may be applicable to corporate entities. *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3rd Cir. 1990). Moreover, the plain language of the statute does not appear to limit these causes of action to debtors but extends the right to sue to creditor plaintiffs. *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533 (5th Cir. 2009).

In this case, NCP has identified property of the estate in which it has an interest. It

further alleges that, without obtaining relief from the automatic stay, Eckert removed from the property of the estate a building which resulted in the reduction of the value of that property.

In its second Count, NCP alleges that the claim of Eckert should be equitably subordinated under 11 U.S.C. § 510(c).

Section 510(c) states:

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may--
(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
(2) order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C.A. § 510 (c)

Quoting from our Court of Appeals,

An action for equitable subordination does not challenge the existence or validity of the underlying debt. Rather, it challenges granting the debt the priority to which it is entitled under applicable law because of the creditor's inequitable conduct. In re SubMicron Sys., 432 F.3d at 454 ("Equitable subordination is apt when equity demands that the payment priority of claims of an otherwise legitimate creditor be changed to fall behind those of other claimants."). Thus, it is an action in equity to modify the legal treatment of the claim.

*In re Insilco Technologies, Inc.,* 480 F.3d 212, 218 (3rd Cir. 2007).

This would make sense if NCP were trying to "leap frog" over the secured status of Eckert. The allegations of the Complaint, though, are that NCP's liens are already superior to the lien of Eckert.

It is possible that NCP would like the alleged lien to be transferred to the estate pursuant to § 510(c)(2). This alternative, however would have no impact on distribution to creditors under the terms of the yet to be confirmed Third Amended Plan.

Three conditions are required in order to exercise the power of equitable subordination: (1) "[t]he claimant must have engaged in some type of inequitable conduct;" (2) "[t]he

misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant;" and (3) "[e]quitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy [Code]." *In re Winstar Communications, Inc.*, 554 F.3d 382, 411-412 (3rd Cir. 2009).

In this case, the allegation is that property of the estate was either removed or damaged or both by the Defendant and that this action injured the Plaintiff. What I am not certain is how the successful subordination of Eckert's claim would benefit either the Plaintiff or the Debtors' estate seeing as Eckert's lien is already subordinate to NCP and the proposed plan provides for surrender of the subject property to NCP. Doc. #63.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3rd Cir. 2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965. While I find that the Complaint can support a count alleging a violation of the automatic stay, there is simply insufficient allegations for me to allow the equitable subordination claim to survive a Rule 12 motion.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: January 28, 2014